**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIN M. WHITTLE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL J. ASTRUE,** | : | **NO. 10-7469** |
| **COMMISSIONER OF THE SOCIAL** | : | |
| **SECURITY ADMINISTRATION,** | : | |
| **Defendant.** | : | |

## ORDER

AND NOW, this 8th day of May, 2012, upon consideration of the Plaintiff's Brief and

Statement of Issues in Support of Request for Review (Doc. No. 10), Defendant's Response to

Request for Review of Plaintiff (Doc. No. 12), and Plaintiff's Reply (Doc. No. 13), and after

careful review of the Report and Recommendation of United States Magistrate Judge Elizabeth

T. Hey (Doc. No.14), as well as the Plaintiff's Objections thereto (Doc. No. 15), to which no

defense response was filed, IT IS HEREBY ORDERED as follows:

      1.      Plaintiff's Objections are OVERRULED.[1]

---

[1]   In the Report and Recommendation ("R&R"), Magistrate Judge Hey found that the
February 16, 2010 decision of the Administrative Law Judge ("ALJ") to deny Plaintiff Erin M.
Whittle's application for a period of disability and disability insurance benefits as of June 27,
2008 was not based on substantial evidence, and recommended that the Court reverse and
remand the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g)
for further proceedings consistent with the R&R.
    Ms. Whittle timely filed her Objections to the R&R, which was limited to the R&R's
recommendation that the case be remanded.  Ms. Whittle argues that the case instead should be
reversed with an award of benefits because Defendant "already agrees that Ms. Whittle continues
to be mentally disabled" in the period following the ALJ decision at issue.  According to Ms.
Whittle, another ALJ issued a March 23, 2012 decision—three days prior to the R&R—which
granted Ms. Whittle's claim of disability from February 17, 2010 to the date of the decision.
    The Court overrules Ms. Whittle's Objections.  The district court  *"may choose* to
remand to the Secretary for a further hearing or simply . . . award benefits." *Podedworny v.
Harris*, 745 F.2d 210, 221 (3d Cir.1984) (emphasis added).  The decision to award benefits is
made only when "the administrative record of the case has been fully developed and when

2.      The Report and Recommendation of United States Magistrate Judge Elizabeth T.

Hey is APPROVED AND ADOPTED as modified with the clarification that this

case is remanded to the Commissioner with the instruction to consider, based

upon the entirety of the record, the issues and evidence that the R&R identified as

being inadequately addressed.[2]

---

substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits." *Gilliland v. Heckler*, 786 F.2d 178, 184 (3d Cir. 1986). "Such a decision is especially appropriate when the disability determination process has been delayed due to factors beyond the claimant's control." *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 358 (3d Cir. 2008).

Ms. Whittle's arguments in her Objections do not provide grounds for reversing the ALJ decision with an award of benefits based upon these criteria. Indeed, insofar that Ms. Whittle's Objections predominantly rely on matters extrinsic to the record instead of raising any specific errors in the R&R's findings and conclusion that an award of benefits is inappropriate, this Court need not review Ms. Whittle's Objections *de novo*.

Furthermore, upon this Court's careful, independent consideration of the administrative record, the parties' briefing on the Plaintiff's Request for Review, the Plaintiff's Objections, and the applicable law, the Court does not conclude that the circumstances here warrant the direction that benefits be awarded in lieu of remand. This case does not present the considerable inexplicable delays or unlikelihood that the record will change upon remand that have warranted an award of benefits in other cases. *See, e.g.*, *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000); *Podedworny v. Harris*, 745 F.2d 210, 223 (3d Cir. 1984). Additionally, the ALJ might have propounded legitimate reasons for crediting the evaluation of the non-examining, state agency psychological consultant over Ms. Whittle's treating physicians' opinions, and thus, contrary to Ms. Whittle's Objections, the record does not mandate a result on the determination of disability. *See Raymer v. Massanari*, No. Civ.A.97-5762, 2001 WL 1526265, at *6 (E.D. Pa. Nov. 28, 2001); *see also Morales*, 225 F.3d at 317-18.

[2]  The Court modifies the R&R through this Order to clarify that on remand reopening the record for additional evidence is not mandated, given that the Court is exercising jurisdiction under Sentence Four of Section 405(g). Nonetheless, reopening the record *may* be necessary in order to appropriately consider the issues and evidence discussed in the R&R and to fulfill the ALJ's duty to fully and fairly develop the record. As such, adequately developing the record *may* require, *inter alia*, as the R&R's rationale suggested, obtaining an expert opinion with an updated psychological evaluation, or consideration of the materials attached as exhibits to Ms. Whittle's Objections, *i.e.*, the March 23, 2012 ALJ Decision and March 2, 2012 Psychological Evaluation. *See also* 20 C.F.R. § 404.983.

3.      Plaintiff's request for relief (Doc. No. 10) is GRANTED insofar that the final

        decision of the Commissioner shall be REVERSED and the case shall be

        REMANDED to the Commissioner of Social Security pursuant to sentence four

        of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and

        Recommendation, as modified by this Order.

4.      The Clerk of Court shall mark this case CLOSED for all purposes, including

        statistics.

                                        BY THE COURT:


                                        S/Gene E.K. Pratter
                                        GENE E. K. PRATTER
                                        United States District Judge